No. 90.—THE HOLSTON MANUFACTURING COMPANY, plaintiff in error, *vs.* A. M. LEA, defendant in error.

[1.] The affidavit in an attachment was, that the defendant "was indebted to plaintiff on account, the sum of One Thousand Dollars, which may be subject to a set off for an unascertained sum, which, on final settlement, will be due the defendant": *Held,* that this affidavit was sufficiently certain.

Attachment, in DeKalb Superior Court. Tried before Judge BULL, April Term, 1855.

William C. Cain, Agent for the Holston Manufacturing Company, applied to S. G. Howell, Judge of the Inferior Court of DeKalb County, for an attachment against Albert M. Lea, a non-resident of the State. The said Cain, in his affidavit, swore: " that said Lea was indebted to plaintiff, on account, the sum of One Thousand Dollars, which may be subject to a set-off, for an unascertained sum, which, on final settlement, will be due said Lea from said company, for certain improvements made by him, on and about the Glass Works of said company, in the State of Tennessee."

The plaintiffs filed their declaration, at the first term of the Court. To which defendant pleaded payment and set-off.

On the trial, Counsel for defendant moved the Court to dismiss the attachment, upon the ground that the affidavit upon which it issued, was defective in this: that no sum, certain, was sworn to as being due by the defendant to the plaintiff.

The Court sustained the motion and dismissed the attachment, and defendant excepted.

BLECKLEY, for plaintiffs in error.

COOPER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Was it true that the affidavit was uncertain, as to the sum sworn to be due?

We think not.    The affidavit said that "Lea was indebted to plaintiff" "the sum of one thousand dollars."    The perfect certainty of this is not affected by what follows it.    What follows it is a statement, that this debt of $1000 will be subject to a set-off.    Any debt may be subject to be set off by another debt.    But until one debt has been set against another, both remain *debts*.    What constitutes a setting off one debt against another, it is not now necessary to inquire.    It is sufficient to say, that when there is an action, there can be no set-off until the *defendant* has done *something*, showing a willingness in him for his debt to be set against the plaintiff's. debt.

In this case, the defendant had done nothing to show himself willing to set the debt due him against the debt due the plaintiff.

We think, therefore, that the judgment dismissing the attachment was erroneous.